846 F.2d 373
 56 USLW 2719
 PRODUCTION CREDIT ASSOCIATION OF NORTHERN OHIO; Carl
Bensch, individually and officially; Dean Biery,
individually and officially; Kenneth Hoot, individually and
officially; Ray Murray, individually and officially;
Robert Borough, individually and officially, Plaintiffs-Appellants,
v.
FARM CREDIT ADMINISTRATION; Federal Intermediate Credit
Bank of Louisville, Defendants-Appellees.
 No. 87-3390.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 31, 1988.
Decided May 17, 1988.
 
 Bernard K. Bauer (argued), O'Brien & Bauer Co., L.P.A., Findlay, Ohio, John C. Deal, White, Rankin Co., L.P.A., Columbus, Ohio, for plaintiffs-appellants.
 Verne K. Armstrong, Asst. U.S. Atty., Toledo, Ohio, Robert S. Greenspan, Mark B. Stern, Lead Counsel (argued), Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for defendants-appellees.
 Before: KEITH and MARTIN, Circuit Judges, and COOK,* District Judge.
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 Production Credit Association of Northern Ohio appeals a decision granting summary judgment to the Farm Credit Association, Donald J. Wilkinson, Governor of the Farm Credit Administration, the Federal Farm Credit Board and its board. At the heart of this matter is Production Credit's challenge to the validity of a regulation approved by the Federal Board, the policy-making body for the Farm Credit Administration. Because we believe Production Credit's challenge to the regulation is not appropriate for judicial review at this time, we affirm the district court.
 
 
 2
 The regulation to which Production Credit objects is entitled the "Inter-system transfer of funds and equities" and provides in relevant part that:
 
 
 3
 (c) The FCA may direct a transfer of funds or equities between two or more federal land bank associations or two or more Production Credit Associations in districts where it determines that such transfer [is financially necessary to support a district bank, a credit association, or to implement a system plan of financial assistance to a district bank].
 
 
 4
 12 C.F.R. Sec. 611.1145 (1986).
 
 
 5
 This regulation was issued in reliance upon 12 U.S.C. Sec. 2252(a)(11), which gives the Farm Credit Administration power to "[r]egulate the borrowing, repayment, and transfer of funds and equities between institutions of the System." See 12 C.F.R. Sec. 611.1145(a). The regulation was promulgated out of a concern that should any agency within the system "default on its obligation to repay a System-wide bond for which the bank is primarily liable ..., the volume and price aspects of System funding would be very negatively affected." 50 Fed.Reg. 36985-86 (1985).
 
 
 6
 On September 13, 1985, Production Credit filed their complaint, alleging that the regulation, 12 C.F.R. Sec. 611.1145, was contrary to law because it granted the Farm Credit Administration power to "direct" fund transfers when Congress had merely given the Farm Credit Administration power to "regulate" the transfer of funds in 12 U.S.C. Sec. 2252(a)(11). They also argued that the regulation was adopted without proper notice and comment as required by the Administrative Procedure Act, that adoption of the regulation was arbitrary, capricious and an abuse of discretion, and that the regulation deprived plaintiffs of property without due process and without compensation in violation of the fifth amendment. Production Credit sought to enjoin defendants from enforcing the provisions of the regulation. The Farm Credit Administration has not yet utilized, however, the regulation to direct plaintiffs to make any transfers of assets. For the reasons explained below, we find that the claims are not ripe for judicial review, and, thus, this court lacks subject matter jurisdiction over this matter.
 
 
 7
 In Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), and its two companion cases, Toilet Goods Ass'n, Inc. v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967), and Gardner v. Toilet Goods Ass'n, Inc., 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967), the Supreme Court outlined the ripeness doctrine in the context of judicial review of administrative action. The purpose of the ripeness doctrine the Supreme Court stated, is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories, 387 U.S. at 148-49, 87 S.Ct. at 1515.
 
 
 8
 The resolution of issues of ripeness necessitates a two-part inquiry. "Courts must first 'determine whether the issues tendered are appropriate for judicial resolution,' and then 'assess the hardship to the parties if judicial relief is denied at that stage.' " Young v. Klutznick, 652 F.2d 617, 625 (6th Cir.1981), (quoting Toilet Goods Ass'n v. Gardner, 387 U.S. at 162, 87 S.Ct. at 1523. These two prongs of the ripeness test necessitate, as the court in Abbott noted, the examination of four factors: (1) whether the issues presented are purely legal; (2) whether the challenged agency action is "final agency action" within the meaning of the Administrative Procedure Act; (3) whether the challenged action would have a direct and immediate impact on the party bringing suit; and (4) whether immediate resolution would foster, rather than impede, effective enforcement and administration by the agency. 387 U.S. at 149-54, 87 S.Ct. at 1515-18.
 
 
 9
 For a claim to be ripe, both prongs of the ripeness test must be satisfied for us to exercise jurisdiction. Thus, we will not review challenges to regulations unless the regulation has a direct and immediate impact on the parties bringing the challenge. State Farm Mut. Auto. Ins. Co. v. Dole, 802 F.2d 474, 479 (D.C.Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1616, 94 L.Ed.2d 800 (1987).
 
 
 10
 While the plaintiffs' challenges involved purely legal questions of a regulation that constitutes final agency action, there is absolutely no evidence in the record before us to suggest that the impact of the regulations imposes any duty or burden of compliance upon Production Credit at this time. They do not and cannot allege that they have been directed to transfer any funds pursuant to the challenged regulation. There is, at this time, no indication that the regulation will indeed ever be applied to them. The record supports the district court's conclusion that "there is no clear threat of application of the regulation to plaintiffs in the future and the regulation imposes no affirmative duty of compliance on plaintiffs."
 
 
 11
 Because they will suffer no hardship if this court does not act now, and because their primary conduct is unaffected by the continued existence of the regulation, we hold that the challenge to the regulation is not ripe for judicial review. Should the Farm Credit Administration ever attempt to direct plaintiffs to transfer assets, such transfers could be quickly enjoined, thereby ensuring that plaintiffs' rights are protected until the validity of the regulation is determined. We emphasize that we are expressing no opinion on the merits of Production Credit's challenges to the validity of the regulation at this time.
 
 
 12
 Accordingly, the district court's decision that plaintiffs' challenges are not ripe for judicial review is hereby affirmed.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation