875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence SHELLY; Plaintiff-Appellant,
Daniel D. Wright; Darryl McGore; Joseph Watson, Plaintiffs,
v.
Robert BROWN; Travis Jones; Everett Elkins; Louis Myers,
Defendants-Appellees.
 No. 88-2219.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1989.
 
 1
 Before WELLFORD and MILBURN, Circuit Judges, and ANN ALDRICH, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner requests the appointment of counsel in his appeal from the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed on his own behalf and in the interests of other Michigan prisoners, Lawrence William Shelly alleged that proposed changes in prison policy would restrict his constitutional right of access to the court. The proposed policy would restrict the personal property, including typewriters and legal materials, which could be kept by each prisoner. Shelly requested injunctive and declaratory relief and compensatory damages.
 
 
 4
 Defendants filed a motion for summary judgment and asserted that the proposed policy had not been implemented and that certain elements had been modified to reflect prisoner concerns. Shelly filed his own motion for summary judgment. He alleged that current prison policy restricted his access to the court.
 
 
 5
 The matter was referred to a magistrate who recommended that the claim concerning proposed changes should be dismissed as moot and that claims concerning the current policy should be dismissed for failure to state a claim. Upon de novo review in light of Shelly's objections, the district court adopted the magistrate's recommendation and dismissed the case.
 
 
 6
 Upon review, we conclude that summary judgment was proper because there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 7
 First, the claims concerning proposed changes to the personal property policy directive were properly dismissed because they were never ripe for review. See Production Credit Ass'n v. Farm Credit Admin., 846 F.2d 373, 375 (6th Cir.1988). Second, plaintiff did not state a claim for denial of access to the courts, because he failed to show any actual prejudice in a lawsuit. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 8
 Accordingly, the request for appointment of counsel is hereby denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation