928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rudolph STANKO, Petitioner-Appellant,
v.
Bill STORY, Warden, United States Parole Commission,
Respondents-Appellees.
 No. 90-6223.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 E.D. KY., No. 90-00117; Wilhoit, J.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 4
 Rudolph Stanko is a federal prisoner who appeals pro se from the dismissal of a habeas petition that he had filed under 28 U.S.C. Sec. 2241. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 5
 A jury convicted Stanko of conspiring to violate the Federal Meat Inspection Act and of six substantive violations of that act. United States v. Cattle King Packing Co., Inc., 793 F.2d 232 (10th Cir.), cert. denied, 479 U.S. 985 (1986). Stanko alleges that he began serving a sentence of six years imprisonment for these convictions on or about August 8, 1986.
 
 
 6
 Three claims are discernible from a careful examination of Stanko's petition: 1) that the respondents failed to advise him of the steps that he might take to enhance his chances of being paroled; 2) that they did not set an effective or presumptive date for his parole; and 3) that he was entitled to mandatory parole on August 8, 1990, the date on which he would have served two-thirds of his sentence. On September 10, 1990, the court issued an order which adopted a magistrate's recommendation and dismissed the petition because Stanko had not exhausted his administrative remedies. It is from this judgment that Stanko now appeals.
 
 
 7
 There is some evidence in the record which indicates that Stanko may have exhausted his first two claims under former 18 U.S.C. Secs. 4201-4218. (repealed effective Nov. 1, 1987). However, there is no evidence indicating that his third claim was properly exhausted. Cf. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Moreover, we hold that each of Stanko's claims is properly dismissed on other grounds. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990)
 
 
 8
 Stanko's first claim is subject to dismissal because it is controlled by a prior decision. On June 8, 1989, the United States District Court for the District of Minnesota denied Stanko's petition for habeas relief. This court adopted a magistrate's report and recommendation which clearly indicates that the Parole Commission did not violate its own rules by failing to advise Stanko as to the steps that he could take to hasten his parole. Stanko has cited no reason for reaching a different conclusion in the present case. Cf. Montana v. United States, 440 U.S. 147, 153-54 (1979).
 
 
 9
 Stanko's claim that the respondents failed to set an effective or presumptive parole date for him is now moot. A Notice of Action, that was issued on August 7, 1990, clearly scheduled a mandatory parole hearing for Stanko "on the next available docket." In addition, the respondents have submitted an affidavit which indicates that a parole hearing was scheduled for Stanko in November of 1990.
 
 
 10
 Stanko also argues that he was entitled to mandatory parole after serving two-thirds of his sentence. This argument is based on dicta from the Eighth Circuit's opinion in Stanko's prior habeas case and on an incomplete reference to former 18 U.S.C. Sec. 42069d). (repealed effective Nov. 1, 1987). The Eighth Circuit's opinion merely recognizes the Commission's ruling that Stanko would not be parole eligible until he had served two-thirds of his sentence. It does not require Stanko to be paroled at that time. This interpretation is consistent with former 18 U.S.C. Sec. 4206(d) when that statute is read in its entirety. In addition, a formal decision to deny parole had not been made when Stanko filed his complaint. Thus, Stanko's claim was not ripe for review by the district court at that time. Cf. Production Credit Ass'n v. Farm Credit Admin., 846 F.2d 373, 374-75 (6th Cir.), cert. denied, 488 U.S. 851 (1988).
 
 
 11
 Stanko has raised three additional arguments which merit brief discussion. He first argues that the magistrate was not authorized to make a finding regarding exhaustion without an evidentiary hearing. However, the magistrate was empowered to make this finding under 28 U.S.C. Sec. 636(b)(1)(A), and the district court did not abuse its discretion by adopting his finding without a hearing. Next, Stanko argues that it would be futile for him to pursue further administrative remedies. However, Stanko has not shown that the Parole Commission would not give fair consideration to his claims. In particular, Stanko must appeal the formal decision denying his parole to the National Appeals Board before he can obtain habeas relief in federal court. See 18 U.S.C. Sec. 4215. Finally, Stanko argues in his reply brief that the dismissal of his case was inappropriate because he had paid his fee in district court. However, Stanko has waived appellate review of this argument because he did not present it in his objections to the magistrate's report or in his initial brief on appeal.
 
 
 12
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation