**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARL BOWLES,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA; R.E.
HOLT, Warden,

      Respondents - Appellees.

No. 02-1227
(D.C. No. 00-MK-277)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Petitioner Carl Bowles, a federal prisoner appearing pro se, appeals the district

court's denial of his petition for writ of habeas corpus. We exercise jurisdiction pursuant

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

to 28 U.S.C. § 1291 and affirm.

Bowles pled guilty in 1965 to kidnapping, in violation of 18 U.S.C. 1201(a), and was sentenced to life imprisonment under 18 U.S.C. § 4208(a)(2), now repealed.[1] Since that time, Bowles has had a number of federal parole hearings. In late 1995, the Parole Commission denied Bowles parole and continued him to a presumptive parole date of October 17, 2005. The Commission noted Bowles' long and extremely violent criminal history and concluded there was a "high likelihood" that Bowles would "again commit new crimes when released." Bowles appealed the Commission's decision to the National Appeals Board, which affirmed. Since then, the Commission has maintained its position that Bowles will not be paroled earlier than October 17, 2005.

In February 2000, Bowles filed a 28 U.S.C. § 2241 habeas petition challenging the denial of parole. The district court dismissed the petition. On appeal, this court affirmed in part, but reversed the dismissal of Bowles' allegations that respondents had (1) illegally restrained him past his mandatory parole date by classifying him as having a mental problem such that he would create a substantial risk of bodily injury to others, (2) illegally ordered a mental health examination without due process, and (3) failed to comply with the due process requirements of 18 U.S.C. § 4247. Bowles v. United States, 2000 WL 1879113 (10th Cir. 2000) (unpublished).

---

[1] 18 U.S.C. § 4208(a)(2) provided: "[T]he court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

2

On remand, a magistrate judge concluded that Bowles' claims were "baseless." ROA, Doc. 81 at 11. In particular, the magistrate judge noted that the Parole Commission had never classified Bowles as mentally ill or altered his parole date based upon a mental health classification. Instead, the magistrate noted, the Parole Commission's decisions were based primarily on Bowles' "extraordinarily-serious criminal history, which include[d] several murders and kidnappings, some of which were committed while on escape status." Id. The magistrate judge further noted that, although the Parole Commission had directed the Bureau of Prisons to prepare a psychiatric/psychological report prior to a statutory interim parole hearing to be conducted in March 2002, that action "did not trigger the operation of 18 U.S.C. §§ 4246-47." Id. at 12. Because the Parole Commission was authorized by regulation to consider reports of mental or psychiatric examination, the magistrate concluded, "it was not improper for the [Parole Commission] to request such an evaluation of [Bowles]." Id. at 13 (citing 28 C.F.R. § 2.19). On April 15, 2002, over Bowles' objections, the district court adopted the magistrate judge's recommendations and dismissed the petition.

After reviewing Bowles' appellate pleadings and the record on appeal, we conclude the district court properly dismissed Bowles' petition. We agree with the district court that the Parole Commission's decisions have been rationally based not on Bowles' mental status, but rather on his extremely serious criminal history and the corresponding likelihood that he will commit further crimes when and if paroled. See

3

generally Gometz v. United States Parole Comm'n, 294 F.3d 1256, 1260 (10th Cir. 2002) (noting that, in reviewing a decision by the Parole Commission, "the inquiry is only whether there is a rational basis in the record for the Commission's conclusions"). As for Bowles' original assertion that the Parole Commission violated his due process rights in ordering the Bureau of Prisons to prepare a psychiatric or psychological report, we note that Bowles makes no mention of the argument in his appellate brief and has apparently abandoned the issue. Even assuming otherwise, we find no merit to the issue because Bowles has not presented any facts that would persuade us that he was deprived of "any significant property interest." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). Finally, we reject Bowles' assertion that the respondents were required to comply with the procedures set forth in 18 U.S.C. § 4247 for conducting a psychiatric or psychological examination. Simply put, § 4247 is not implicated in these circumstances because the respondents have not attempted to invoke 18 U.S.C. § 4246, which allows for a court-ordered mental evaluation of a hospitalized criminal defendant who is due for release but is suffering from a mental disease which would create a substantial risk of bodily injury to another person or serious damage to property of another.

We will briefly address additional arguments raised by Bowles in his appellate pleadings. First and foremost, it is apparent that Bowles incorrectly believes he was statutorily entitled to be released in October 1995, after having served thirty years of his life sentence. Under 18 U.S.C. § 4206(d), a prisoner must be released on parole after

serving "thirty years of each consecutive term or terms of more than forty-five years including any life term" unless the Parole Commission "determines . . . that there is a reasonable probability that he will commit any Federal, State, or local crime." Because the Parole Commission determined there was a reasonable probability that Bowles would engage in criminal conduct if released from confinement, it was not obligated to parole him after he had served thirty years of his sentence. Second, Bowles contends that the Parole Commission was prohibited by the Ex Post Facto Clause from utilizing 18 U.S.C. § 4205(b)(2) to deny parole after he had served thirty years of his sentence. We find no basis in the record for Bowles' assertion that the Parole Commission relied on § 4205(b)(2) in denying parole. Indeed, that statutory provision is simply a 1976 recodification of 18 U.S.C. § 4208(a)(2), the statute under which Bowles was originally sentenced. Finally, Bowles complains that a magistrate judge was initially assigned to review his habeas claims. We find nothing improper about the magistrate's role in this matter since the magistrate merely made recommendations to the district court about the disposition of the case and the district court ultimately reviewed those recommendations de novo and entered judgment against Bowles. See 28 U.S.C. § 636 (discussing powers of magistrate judges).

The judgment of the district court is AFFIRMED. Bowles' motion to proceed on appeal in forma pauperis is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge