**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONALD DEL RAINE,

> Petitioner-Appellant,

v.

C. DANIELS; UNITED STATES
PAROLE COMMISSION,

> Respondents-Appellees.

No. 11-1073
(D.C. No. 1:09-CV-03007-MSK)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Petitioner Ronald Del Raine, a federal prisoner, appeals from the denial of

his habeas application under 28 U.S.C. § 2241.[1]  We exercise jurisdiction under

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    As a federal prisoner seeking relief under § 2241, Petitioner does not need a certificate of appealability to proceed.  *Curtis v. Chester*, 626 F.3d 540, 543 n.1 (10th Cir. 2010).

28 U.S.C. § 1291 and affirm for substantially the reasons stated by the district court.

## CLAIMS AND FACTUAL BACKGROUND

Petitioner raises three claims. First, he alleges that the judgment and commitment for his primary sentence, imposed in 1968, was not signed by the trial judge as required by Fed. R. Crim. P. 32(k)(1)[2] and hence is a nullity. Second, he contends that the United States Parole Commission did not set a release date for him, as mandated by § 235(b)(3) of the Sentencing Reform Act of 1984, Pub. L. 98-473, 98 Stat. 2032 (1984), before the temporary lapse of the Commission on November 1, 2002. Third, he claims that the Commission did not timely provide him the parole hearing mandated by 18 U.S.C. § 4206(d), or several interim two-year hearings required by 18 U.S.C. § 4208(h).

The following background, which is not in dispute, is taken primarily from the factual recitation in the district court's order. In 1968 in the federal district court for the Northern District of Illinois, Petitioner pleaded guilty to murdering two police officers while committing a bank robbery. *See* 18 U.S.C. § 2113. He received a sentence of 199 years' imprisonment for the offense. The sentencing judge entered the requisite judgment and commitment, but used a stamp for the signature block. Petitioner's term of confinement was later extended by 10 years

---

[2]     Petitioner cites to the current version of the Rule. At the time of his conviction, the operative provision was in Fed. R. Crim. P. 32(b). *See Baca v. United States*, 383 F.2d 154, 157 (10th Cir. 1967).

for additional offenses committed in prison: a 1976 conviction for attempted escape and conveying contraband in a federal penitentiary, and a 1982 conviction for another attempted escape.

Petitioner had his first parole hearing in September 1982, after which the Commission ordered his case continued to a 10-year reconsideration hearing in 1992. A series of two-year interim hearings in 1984, 1986, and 1988 resulted in continuation of the case to a 15-year reconsideration hearing in August 2001. Petitioner did not appear at the two-year hearing in 1990 (prison staff told the Commission that he had refused to attend, although Petitioner insists that he did not hear prison staff orally advise him of the hearing), and his case was again continued to the 15-year hearing in 2001. Two-year hearings were reinitiated upon Petitioner's application in 1993; and hearings in 1993, 1995, and 1997 left his 2001 reconsideration date unchanged. On appeal the National Appeals Board clarified that Petitioner would also be entitled to the mandatory parole hearing prescribed by § 4206(d) in July 2004, when his service of 30 years of his murder sentence and two-thirds of his escape sentences would trigger the rebuttable statutory presumption in favor of release on parole. Petitioner's situation remained unchanged after another interim hearing, in 1999.

Petitioner's 15-year reconsideration hearing was belatedly held in January 2002. Because of the nature of his original offense and numerous incidents of misconduct in prison, the Commission ordered that his confinement be continued

until the expiration of his sentence. The National Appeals Board affirmed.

Thereafter, Petitioner did not receive the hearing mandated by § 4206(d) in 2004

or any two-year interim hearings. After filing this habeas action in December

2009, however, he was scheduled for a hearing, eventually held in October 2010.

He was again denied parole.[3]

### REVIEW OF DISMISSAL ORDER

The district court dismissed the claims asserted in the § 2241 application on

jurisdictional and legal grounds. We review its disposition de novo. *See Izzo v.*

*Wiley*, 620 F.3d 1257, 1259 (10th Cir. 2010); *Mires v. United States*, 466 F.3d

1208, 1209 (10th Cir. 2006).

### A. Rule 32 Requirement of Judicial Signature

The district court properly dismissed for lack of jurisdiction Petitioner's

first claim, which challenged his conviction and sentence on the ground that there

was no handwritten judicial signature on the judgment and commitment. Such a

challenge to his conviction and sentence must be brought by motion under 28

---

[3] Petitioner moved to supplement his complaint to challenge the substance of this parole decision, contending that the Commission improperly relied on unspecified "detrimental data" to deny him parole. R. Vol. 1 at 169. He stated that he would include the relevant data in a supplemental pleading once he obtained and transcribed a tape of the hearing. The district court properly exercised its discretion, *see Duncan v. Mgr., Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005), in denying the motion on the grounds that "leave to supplement is not necessary, nor warranted, as the current claims are ripe for determination and [Petitioner] is not currently prepared to supplement," and "such denial does not prejudice [him] in any way as he may raise a new claim in a separate § 2241 petition." R. Vol. 1 at 185.

U.S.C. § 2255 in the sentencing court (here, the Northern District of Illinois). Although an application under § 2241 may be proper when the remedy under § 2255 is inadequate, *see* § 2255(e), that is not the circumstance here.  Petitioner could have pursued a challenge to the judgment and commitment under § 2255 at the proper time in the proper district court, and the bar to now bringing such a challenge does not make § 2255 inadequate.  *See Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (if § 2255 motion could have been brought in the past, a present impediment does not render § 2255 inadequate or ineffective), *cert. denied*, ___ S. Ct. ___, 2012 WL 33301 (U.S. Jan. 9, 2012) (No. 11-249).

**B.  Failure to Set Release Date before Temporary Lapse of Parole Commission on November 1, 2002**

Anticipating the eventual expiration of the Parole Commission following the institution of the federal sentencing guidelines, Congress included § 235(b)(3) in the Sentencing Reform Act of 1984 to direct the Commission to "'set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act,'" and to do so "'early enough to permit consideration of an appeal of the release date.'" *Bledsoe v. United States*, 384 F.3d 1232, 1233 (10th Cir. 2004) (quoting § 235(b)(3)).  The life of the Commission, and thus the window for setting release dates of prisoners still under its jurisdiction when it expires, has since been extended multiple times.  *See id.* at 1234 & n.2.  Most recently, the term of the Commission was extended until

November 1, 2013. *See* United States Parole Commission Act of 2011, Pub. L. No. 112-44, § 2, 125 Stat. 532 (2011). In one instance the term lapsed for a day, on November 1, 2002, before the extension was signed into law. *See* Pub. L. No. 107-273, § 11017(a), 116 Stat. 1824 (2002). Petitioner insists that this one-day lapse triggered the Commission's duty to set his release date and that its failure to do so entitles him to immediate release or a date set now for his release on parole.

The district court rejected this claim for two reasons. First, it noted that § 235(b)(3) was a "'winding-up'" provision, intended simply to ensure that the Commission set release dates before its ultimate expiration made that impossible. *See Bledsoe*, 384 F.3d at 1233-34 (quoting *Lewis v. Martin*, 880 F.2d 288, 290 (10th Cir. 1989)). That statutory purpose was not triggered by the Commission's one-day lapse in November 2002, because the Commission could thereafter set release dates. Second, the district court noted that the Commission had determined just 10 months before, at Petitioner's January 2002 hearing, that he should serve his full sentence (a determination that still stands after his most recent hearing in October 2010), leaving him with no reasonable expectation of a date for release on parole in any event. We agree with this analysis. Despite what may have been a technical violation of the statute, Petitioner suffered no cognizable harm and is not entitled to the remedy he seeks.

## C. Failure to Provide Timely Parole Hearings

The district court concluded that the Commission's tardiness in conducting Petitioner's § 4206(d) hearing, and its failure to provide two-year hearings after 2002, did not warrant habeas relief, because Petitioner eventually received a parole hearing in 2010 and, given the decision at that hearing, he had not suffered prejudice from the interim delay. We agree. The Commission decided in both 2002 and 2010 that Petitioner should serve his full sentence without parole. Petitioner has not suggested any reason why the Commission in the interim would have provided a more favorable outcome for his parole prospects. In the absence of demonstrated prejudice, Petitioner is not entitled to release or a reduction in his prison term. *See Jones v. U. S. Bureau of Prisons*, 903 F.2d 1178, 1181 (8th Cir. 1990); *cf. Harris v. Day*, 649 F.2d 755, 761-62 (10th Cir. 1981) (applying same principle in parole revocation context).

The judgment of the district court is AFFIRMED. Petitioner's motion to proceed on appeal in forma pauperis is GRANTED.

Entered for the Court

Harris L Hartz
Circuit Judge