**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONNIE BRUSCINO,

    Petitioner - Appellant,

v.

TRUE, Acting Warden; UNITED STATES
PAROLE COMMISSION,

    Respondents - Appellees.

No. 17-1004
(D.C. No. 1:15-CV-02845-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Ronnie Bruscino, a federal prisoner appearing pro se, appeals the district

court's denial of his 28 U.S.C. § 2241 habeas corpus application. Exercising

jurisdiction under 28 U.S.C. § 2253(a), we affirm.

## I. BACKGROUND

Bruscino is serving an aggregate life sentence in the United States Bureau of

Prisons for offenses (counterfeiting, murder of an inmate, assault on a correctional

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officer) committed between 1977 and 1982. The United States Parole Commission (USPC or Commission) denied parole in 1992 and ordered him continued to a 15-year reconsideration hearing. The National Appeals Board affirmed. In 2007, the Commission denied Bruscino's parole application and ordered him to continue to the expiration of his sentence. The National Appeals Board again affirmed.

The Commission conducted statutory interim hearings in October 2010, April 2013, and March 2015, but ordered no change in its previous determination that Bruscino must continue to the end of his sentence. Bruscino didn't appeal any of those decisions.

In June 2015, Bruscino applied for a parole hearing on the September 2015 docket. The Commission set the hearing for July 2015 and asked him to sign a waiver of that hearing. Although Bruscino refused to sign, the Commission determined that he had waived the July hearing and noted that he had requested a hearing on the September 2015 docket.

The Commission attempted to conduct the hearing on September 29, 2015, but Bruscino requested a postponement, claiming that he and his attorney received inadequate notice of the hearing date and that they hadn't received all the materials the Commission might use in its decision. After finding the notice adequate, the hearing examiner refused to postpone the hearing. The examiner also indicated that she did not have a letter and exhibits that Bruscino claimed his attorney had submitted. Bruscino responded that "he was not waiving anything," R. at 122 (internal quotation marks omitted), and that she could continue the hearing "without

2

him," R. at 11. He was then returned to his cell at his request. According to Bruscino, the last thing he heard the examiner say was that "the hearing would continue without him." R. at 11–12.

The examiner never issued a decision in connection with the September 2015 hearing. Instead, the examiner ruled that Bruscino's refusal to participate constituted a waiver of the hearing, and that if he wanted "to be reconsidered for mandatory parole," he was required to "complete and submit a new parole application." R. at 122 (internal quotation marks omitted). The examiner noted that the letter and exhibits Bruscino had inquired about were located in the Commission's incoming mail and had been added to Bruscino's "packet for review at a future hearing." *Id.*

At some point, the Commission determined that Bruscino's "two-thirds" date—the date on which he would become eligible for mandatory parole—was October 15, 2015. In relevant part, the "two-thirds" date occurs when a federal prisoner has served "thirty years of each consecutive term or terms of more than forty-five years including any life term." 18 U.S.C. § 4206(d) (repealed).[1]

---

[1] Although repealed effective November 1, 1987, § 4206(d) remains applicable to sentences that were, like Bruscino's, imposed prior to that date. *Warren v. Ashcroft*, 119 F. App'x 239, 240 (10th Cir. 2004). In full, § 4206(d) reads:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however,* That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules

(continued)

3

Bruscino applied for a new mandatory parole hearing in December 2015. The Commission noticed the hearing for "the next available docket" in "March." R. at 125 (capitalization and emphasis omitted). That, apparently, was a mistake, because the Commission attempted to hold the hearing in early February 2016, allegedly after giving Bruscino only one day's notice. Because of the error in the notice, the examiner continued the hearing to the next available docket, and it was ultimately scheduled for the week of September 19, 2016 because Bruscino "request[ed] to have representation present," R. at 199. The record on appeal doesn't indicate whether that hearing was ever held.

Meanwhile, on December 30, 2015, Bruscino filed his pro se § 2241 habeas application. The district court observed that instead of "present[ing] specific claims for relief," the application read "as a narrative of [Bruscino's] complaints against the Commission." R. at 211–12. Nonetheless, the court liberally construed the application as containing the following seven claims:

> 1. Applicant is being detained illegally because he was not released after serving two-thirds of his sentence; and, the Commission pre-determined the outcome of his mandatory parole hearing;
>
> 2. The USPC acted in an arbitrary and capricious manner at Applicant's July 2015 and September 29, 2015 hearings by misrepresenting that he waived his hearing and in failing to provide him with proper notice of the hearing;

---

> and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

4

3. The USPC acted in an arbitrary and capricious manner by not reducing Applicant's sentence due to "exceptional circumstances" because he saved a correctional officer's life;

4. The USPC acted in an arbitrary and capricious manner by failing to disclose to him a copy of a PSI report prepared in September 1980 that raises questions concerning Applicant's murder conviction;

5. The USPC acted in an arbitrary and capricious manner because Applicant did not apply for or receive notice that he would have a parole hearing in September 2007;

6. The USPC acted in an arbitrary and capricious manner by including inaccurate information in his progress reports; and

7. The USPC improperly designated Applicant's case as "original jurisdiction."

R. at 212.

In a November 2016 order, the district court denied relief. Bruscino appealed. According to Bruscino, in February 2017, while this appeal was pending, the Commission conducted his mandatory parole hearing and denied parole, and he currently has an appeal pending with the National Appeals Board.[2]

---

[2] To the extent Bruscino advances arguments about errors related to the February 2017 hearing and the resulting decision, they are not properly before this court because that hearing post-dated the district court's judgment, and the district court made no ruling as to that hearing. *See Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993) (explaining that "an issue [must be] presented to, considered and decided by the trial court" before this court will consider it (alteration and internal quotation marks omitted)). Further, to seek judicial review of that decision, Bruscino must first exhaust administrative remedies. *See Burger v. Scott*, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003) (explaining that "claims raised in § 2241 petitions must be exhausted before a federal court will hear them"). He has not done so, indicating instead that his appeal is pending with the National Appeals Board.

## II. DISCUSSION

Our review of the district court's denial of § 2241 relief is de novo, but like the district court, we employ a standard that is deferential to the Commission's decisions. *Curtis v. Chester*, 626 F.3d 540, 544 (10th Cir. 2010). Under that "limited" standard, we will not reverse a Commission decision "unless it is arbitrary and capricious," and our "inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Id.* (internal quotation marks omitted). "We do not reweigh evidence, make credibility determinations, or substitute our judgment for the Commission's." *Gometz v. U.S. Parole Comm'n*, 294 F.3d 1256, 1260 (10th Cir. 2002). Because Bruscino is pro se, we liberally construe his filing but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Bruscino first argues that the Commission acted arbitrarily and capriciously or abused its authority by (1) attempting to coerce him into signing a waiver of the July 2015 hearing, (2) failing to provide him with adequate notice of the September 2015 hearing and refusing to postpone that hearing, (3) failing to provide him with the materials it intended to use at either the July or September 2015 hearings at least 60 days prior to those hearings, and (4) concluding that he waived the September 2015 hearing.

We reject these arguments. First, Bruscino hasn't established prejudice from the effort to have him waive the July 2015 hearing because he asked for a hearing in September and was offered one. *See Miller v. Fed. Bureau of Prisons*, 989 F.2d 420, 423 (10th Cir. 1993) (due process violation requires prejudice). Nor has he established

6

prejudice from the failure to provide him with adequate notice of the September hearing date or with the information the Commission intended to use at that hearing. A prisoner can waive adequate notice, but if he doesn't, the remedy is to conduct the hearing at a later date. *See* 18 U.S.C. § 4208(b) (repealed effective Nov. 1, 1987);[3] 28 C.F.R. § 2.55(a), (e).[4] Finally, the examiner's determination that Bruscino's refusal to participate in the hearing amounted to a waiver was not arbitrary and capricious. Her decision comported with the Commission's policy that an examiner should consider a prisoner's refusal to enter the hearing room as a waiver of parole and complete a memo to

[3] 18 U.S.C. § 4208(b) provides:

At least thirty days prior to any parole determination proceeding, the prisoner shall be provided with (1) written notice of the time and place of the proceeding, and (2) reasonable access to a report or other document to be used by the Commission in making its determination. A prisoner may waive such notice, except that if notice is not waived the proceeding shall be held during the next regularly scheduled proceedings by the Commission at the institution in which the prisoner is confined.

[4] In relevant part, 28 C.F.R. § 2.55(a) provides: "At least 60 days prior to a hearing scheduled pursuant to 28 CFR 2.12 or 2.14 each prisoner shall be given notice of his right to request disclosure of the reports and other documents to be used by the Commission in making its determination." And § 2.55(e) provides:

Waiver of disclosure. When a timely request has been made for disclosure, if any document or summary of a document relevant to the parole determination has not been disclosed 30 days prior to the hearing, the prisoner shall be offered the opportunity to waive disclosure of such document without prejudice to his right to later review the document or a summary of the document. The examiner panel may disclose the document and proceed with the hearing so long as the prisoner waives his right to advance disclosure. If the prisoner chooses not to waive prehearing disclosure, the examiner panel shall continue the hearing to the next docket to permit disclosure. A continuance for disclosure should not be extended beyond the next hearing docket.

that effect. *See* USPC's Rules and Procedures Manual § 2.11-02(b) (June 30, 2010) ("When a prisoner refuses to enter the hearing room, physical force should not be used to ensure his appearance. Instead, an official of the institution should make a written statement that the prisoner was properly advised of his right to a hearing, but refused to make such appearance. The hearing examiner, in such cases, should consider that he has waived parole and enter a memo for the file to that effect.").

Bruscino next complains about responses to his requests under the Freedom of Information Act (FOIA) for a recording of the September 2015 hearing. But he didn't raise a FOIA claim in the district court, and we won't consider claims raised for the first time on appeal. *Davis v. Clifford*, 825 F.3d 1131, 1137 n.3 (10th Cir. 2016). Further, a FOIA claim is "not cognizable" in a request for habeas corpus relief. *Moore v. Utah*, 24 F. App'x 870, 871–72 (10th Cir. 2001).[5]

Bruscino also summarily faults the Commission for not complying with § 4206(d) and a related regulation, 28 C.F.R. § 2.53(a). We interpret this as a renewed request for the primary relief he sought in his habeas petition—immediate release from confinement because prior to his two-thirds date the Commission hadn't conducted the hearing or made the § 4206(d) finding required to forestall mandatory parole release (that "he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime"). In other words, Bruscino contends that his release was

---

[5] We cite to unpublished decisions only for their persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

automatic once his two-thirds date had passed and the Commission hadn't made the § 4206(d) finding.

Bruscino cites no authority for his proposition, and the scant case law addressing the issue suggests a contrary conclusion—that § 4206(d) creates a rebuttable presumption favoring release on parole, subject to the Commission's determination as to the statutory factors precluding parole. *See Del Raine v. Daniels*, 462 F. App'x 793, 795 (10th Cir. 2012) (reciting, with apparent approval, the National Appeals Board's clarification that the arrival of a prisoner's two-thirds date triggers only a "rebuttable statutory presumption in favor of release on parole"); *Stanko v. Story*, No. 90-6223, 1991 WL 42251, at *1 (6th Cir. Mar. 28, 1991) (unpublished) (concluding that under § 4206(d), a prisoner only becomes "parole eligible" after serving "two-thirds of his sentence"). Thus, we conclude the Commission's failure to conduct a hearing or make the § 4206(d) determination by Bruscino's two-thirds date doesn't entitle him to his requested relief—immediate release from custody.

Bruscino alleges there were several procedural problems with his March 2015 interim hearing, but as appellees point out, and contrary to Bruscino's contention, he affirmatively represented to the district court that he was "not challenging the outcome" of that hearing. R. at 152. That representation amounts to waiver, which is "the intentional relinquishment or abandonment of a known right," and precludes appellate review. *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) (internal quotation marks omitted). Further, Bruscino hasn't challenged the district

9

court's conclusion that he didn't exhaust administrative remedies regarding the March 2015 hearing, R. at 212 n.1. For this alternative reason, we are barred from reviewing his habeas claim. *See Burger v. Scott*, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003) (explaining that "claims raised in § 2241 petitions must be exhausted before a federal court will hear them").

Bruscino further claims that his 1995 transfer to the BOP's Administrative Maximum Facility in Florence, Colorado was in retaliation for his role in a class action lawsuit challenging conditions of confinement at the federal penitentiary in Marion, Illinois. This claim is not properly brought in a § 2241 habeas proceeding because it challenges the conditions of his confinement rather than the duration of his custody. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035–36 (10th Cir. 2012) (construing claim concerning prison transfer as one not cognizable under § 2241). Moreover, Bruscino didn't raise this issue in the district court and hasn't complained that he was impeded from doing so. Consequently, we won't consider it on appeal. *See United States v. Hernandez*, 847 F.3d 1257, 1269 (10th Cir. 2017) ("We will not consider issues which are raised for the first time on appeal unless a party demonstrates an impediment which prevented raising the argument below." (internal quotation marks omitted)).

Bruscino also faults the Commission for placing him on "original jurisdiction" in 1992 and, without a quorum of six commissioners, ordering him continued to a fifteen-year reconsideration hearing in 2007. He claims this was prohibited by case law and that a 2003 parole date should have been reinstated. We fail to see what

10

prejudice Bruscino suffered given that he was denied parole in 2007 and he has made no showing that the outcome would have been different if he was considered for parole in 2003. *See Del Raine*, 462 F. App'x at 796 (concluding that petitioner was not entitled to release or reduction in sentence for Commission's tardy provision of § 4206(d) hearing at which Commission denied parole and petitioner provided no reason why the Commission would have reached a more favorable determination if it had held a timely hearing).

## III. CONCLUSION

The district court's judgment is affirmed. Bruscino's application to proceed on appeal without prepayment of costs or fees is granted. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Though we have disposed of this matter on the merits, Bruscino remains obligated to pay all filing and docketing fees. He is directed to pay the fees in full to the Clerk of the District Court for the District of Colorado.

Entered for the Court

Nancy L. Moritz
Circuit Judge

11